**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **CARLOS HERNANDEZ AND** | § | |
| **LETICIA HERNANDEZ,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS AND KEVIN** | § | **JURY DEMAND** |
| **COKER,** | § | |
|     **Defendants.** | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW, Carlos Hernandez and Leticia Hernandez ("Plaintiffs"), and file this *Plaintiffs' Original Complaint*, complaining of State Farm Lloyds ("State Farm") and Kevin Coker ("Coker") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### PARTIES

1.    Plaintiffs Carlos Hernandez and Leticia Hernandez are citizens of the State of Texas who reside in Potter County, Texas.

2.    Defendant State Farm Lloyds is an unincorporated association engaged in the business of writing insurance on a "Lloyd's plan" as defined in and created by Chapter 941 of the Texas Insurance Code. For the purposes of diversity jurisdiction, an unincorporated association's citizenship is determined by the citizenship of its members, and, here, State Farm's members are individual underwriters, all of whom are citizens of the State of Illinois. Accordingly, State Farm is citizen of the State of Illinois engaged in the business

of insurance in the State of Texas and pursuant to Chapter 804 of the Texas Insurance Code, this defendant may be served by and through its designated Attorney for Service: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

3.   Defendant Kevin Coker is an individual adjuster engaged in the business of adjusting insurance claims in the State of Texas and citizen and domiciliary of the State of Washington.  This defendant may be served with personal process, by a process server, at his place of residence at 11530 128th Street CT E, Puyallup, Washington 98374.

## JURISDICTION

4.   Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of this action because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship between the parties because, as more fully described above, Plaintiffs and Defendants are citizens of different states.

## VENUE

5.   Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

6.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

7.     Plaintiffs own the insured property, which is specifically located at 831 N. Roosevelt Street, Amarillo, Texas 79107, in Potter County (hereinafter referred to as "the Property").

8.     State Farm sold the Policy insuring the Property to Plaintiffs.

9.     On or about May 28, 2013, a hail storm and/or windstorm struck Potter County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence.   Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Strong winds caused the entire structure to shift on its frame and resulted in additional damages to the Property.   For example, the walls and/or ceilings throughout the home have cracks.   Plaintiffs' home also sustained substantial structural and exterior damage during the storm, including damage to the siding, window(s), door(s), and exterior light fixtures.   Furthermore, the storm caused severe damage to various separate structures on the Property—including, but not limited to, the fence, storage shed, detached garage, and air conditioning unit.   Shortly after the storm, Plaintiffs filed a claim with their insurance company, State Farm, for the damages to their home caused by the hail storm and/or windstorm.

10.    Plaintiffs submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

11.     Plaintiffs asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the structural, exterior, and interior water damages pursuant to the Policy.

12.     Defendant State Farm assigned Defendant Coker as the individual adjuster on the claim. Defendant Coker was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  On or about July 1, 2013, Defendant Coker conducted a substandard inspection of Plaintiffs' property, spending only about an hour on his inspection of the entire Property and failing to thoroughly inspect all of the damages to, both the interior and exterior of the Property.  The inadequacy of Coker's inspection is further evidenced by his report dated the same day as his inspection, which failed to include all of Plaintiffs' damages noted upon inspection.  Specifically, Coker failed to include a significant portion of the interior water damages in his report and only allowed for minor repairs to the bathroom and master bedroom.  Coker also omitted many of the exterior damages from his report including, but not limited to, damage to the detached garage, exterior light fixtures, and air conditioning unit.  Moreover, Coker both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  For example, Coker refused to acknowledge the extensive and obvious damage to the roof, even though the extensive damage to the roof warranted replacement.

13.     Further, in his July 1, 2013 payment letter to Plaintiffs, Coker completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages they had reported.  Coker merely states that his report is the basis of Plaintiffs' claim, but the report also fails to give any sort of reason or explanation as to why so

many of Plaintiffs' covered damages were omitted and/or underpaid.  The items were simply ignored by Defendant Coker.

14.   Defendant Coker underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales tax, and failed to include overhead and profit when his estimate should have included this allowance due to the multiple trades required to perform the remediation work on the affected dwelling. Ultimately, Coker failed to properly scope Plaintiffs' damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiffs' Property.  Coker's inadequate investigation of the claim was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

15.   Defendant State Farm, along with other State Farm personnel, failed to thoroughly review and properly oversee the work of the assigned adjusters, including Defendant Coker, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.  Defendants State Farm and Coker misrepresented to Plaintiffs that the estimate included all of their covered storm damages and were adequate to cover all the repairs; however, the damages included in the estimates were grossly undervalued and a significant portion of the damages were either ignored or improperly adjusted.

16.   Together, Defendants State Farm and Coker set out to deny and/or underpay on properly covered damages.   State Farm and Coker misrepresented to Plaintiffs that Coker's estimate included all of Plaintiffs' properly covered storm damages and made sufficient allowances to cover the cost of repairs to Plaintiffs' Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiffs' properly covered storm damages

and allowed for an amount wholly insufficient to cover the cost of repairs to Plaintiffs' Property.   As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.   The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.   To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

17.     As detailed in the paragraphs below, State Farm wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.   Furthermore, State Farm underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18.     To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19.     Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.   Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

20.     Defendants State Farm and Coker misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a

covered occurrence.  Defendants State Farm's and Coker's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

21.     Defendants State Farm and Coker failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants State Farm's and Coker's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants State Farm and Coker failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants State Farm and Coker failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants State Farm and Coker did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants State Farm's and Coker's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

23.     Defendants State Farm and Coker failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Coker.  Defendants State Farm's and Coker's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

24.     Defendants State Farm and Coker refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants State Farm and Coker failed to conduct a reasonable investigation.  Specifically, Defendants State Farm and Coker performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants State Farm's and Coker's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

25.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

26.     Defendant State Farm failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

27.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

28.    From and after the time Plaintiffs' claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, State Farm has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.    Defendants State Farm and Coker knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30.    As a result of Defendants State Farm's and Coker's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31.    Plaintiffs' experience is not an isolated case.  The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.  State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT COKER
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32.    Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-31 as though fully set forth herein.

33.    Defendant State Farm assigned Defendant Coker to adjust the claim.  Defendant Coker was improperly trained to handle claims of this nature and performed an unreasonable

investigation of Plaintiffs' damages.   During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.   The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34.   The unreasonable investigation of Plaintiffs' damages as well as its consequences can all be attributed to Defendant State Farm's inadequate policies and procedures and its failure to use properly trained adjusters on its losses.

35.   Defendant Coker's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.   Defendant Coker is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of State Farm, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendant Coker's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

38.    Defendant Coker's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

39.    Defendant Coker failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.   Specifically, Defendant Coker failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair

settlement practice of Defendant Coker as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.     Defendant Coker's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.     Defendant Coker did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to State Farm. Defendant Coker, apart from his undervalued allotment for the roof, omitted many of the covered damages—including, but not limited to, damages to the detached garage, door(s), air conditioning unit, fence, and a significant amount of the interior water damages. Furthermore, Coker improperly withheld prospective contractors' overhead and profit and material sales tax for certain items in determining the actual cash value of Plaintiffs' loss under the Policy. Defendant Coker's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

<u>**CAUSES OF ACTION AGAINST ALL DEFENDANTS**</u>

**FRAUD**

42.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-41 as though fully set forth herein.

43.   Defendants State Farm and Coker are liable to Plaintiffs for common law fraud.

44.   The intentional undervaluing of covered storm damage by Coker and State Farm is prevalent in State Farm's claim handling practices.  State Farm and Coker had an "eye to deny" Plaintiffs' claims.  This is evident in the superficial estimates and denials of the claims by the adjuster and State Farm even when no proper investigation or inspection of the damages had been made.  For example, Defendant Coker's assessment failed to allow sufficient funds to cover the cost to repair the extensive and obvious damage to Plaintiffs' property.  Moreover, State Farm and Coker severely underestimated and undervalued the cost of repairs.  Specifically, they failed to allow sufficient funds to cover the cost of repairs, including, but not limited to, funds for the exterior and interior water damages, and failed to allow sufficient funds for the roof, even though the substantial damages to the roof warranted its total replacement.

45.   Defendants State Farm and Coker misrepresented to Plaintiffs that the estimate included all the covered hail storm and/or windstorm damages and was adequate to cover all the repairs; however, the estimate of Plaintiffs' loss did not include many of the covered damages that were caused by the storm.

46.   Furthermore, attached to Defendant Coker's estimate is a Structural Damage Claim Policy from State Farm which states "We want you to receive quality repair work to restore the damage to your property."   These statements are untrue and constitute misrepresentations.

47.    State Farm and Coker knew at the time the above misrepresentation contained in the estimate was made to Plaintiffs that it was false because they failed to include all of Plaintiffs' hail storm and/or windstorm damages in the report.  Coker, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant State Farm, failed to perform a thorough inspection and evaluation of Plaintiffs' hail storm and/or windstorm damages, failed to cover claims that were clearly covered and, thus, undervalued and under paid Plaintiffs' claim; thereby denying properly covered damages.  As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

48.    Moreover, State Farm initially represented in its Policy that covered damages would be insured against loss.  To their detriment, Plaintiffs purchased State Farm's policy in exchange for a benefit State Farm knew they would not fully receive.  State Farm knowingly defrauds its customers by withholding benefits owed under policies it writes, sells and markets by strictly admonishing any adjuster or employee who attempts to properly compensate policyholders under the terms of the policy.

49.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants State Farm and Coker knew were false or made recklessly without any knowledge of their truth as a positive assertion.

50.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

51.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-50 as though fully set forth herein.

52.     Defendants State Farm and Coker are liable to Plaintiffs for conspiracy to commit fraud. Defendants State Farm and Coker were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants State Farm and Coker committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST STATE FARM ONLY

53.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-52 as though fully set forth herein.

54.     Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

55.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-54 as though fully set forth herein.

56.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiffs.

57.    Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

58.    Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-57 as though fully set forth herein.

59.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

60.    Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

61.    Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

62.    Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in

relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

63.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

64.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

65.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-64 as though fully set forth herein.

66.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

67.     Defendant State Farm's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

68. Defendant State Farm's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

69. Defendant State Farm's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

70. Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-69 as though fully set forth herein.

71. As referenced and described above, and further conduct throughout this litigation and lawsuit, Coker is an agent of State Farm based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

72. Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Coker including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

73. Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-72 as though fully set forth herein.

74. Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

75. Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

76. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

77. Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-76 as though fully set forth herein.

78. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

79. As previously mentioned, the damages caused by the May 28, 2013, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant State Farm's and Coker's mishandling of Plaintiffs' claim in violation of the laws set forth above.

80. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

81. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.

For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

82.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

83.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

84.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

85.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## **JURY DEMAND**

86.     Plaintiffs hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Potter County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

  */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

*Of Counsel:*

*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
jsmdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)